FILED

2008 MAR 10 PM 3:50

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY ________________

DOUGLAS C. EMHOFF (Cal. Bar No. 151049)
DONALD W. YOO (Cal. Bar No. 227679)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants
SLAUGHTER, LLC, MAVERICK FILMS, LLC,
ANGEL BABY ENTERTAINMENT, MARK MORGAN,
And CHERI WOZNIAK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN OSORIO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SLAUGHTER, LLC; MAVERICK FILMS, LLC; ANGEL BABY ENTERTAINMENT; MARK MORGAN; CHERI WOZNIAK; and DOE ONE through and including DOE ONE HUNDRED,

Defendants.

CASE NO.: CV08-01644 RGK (AJWx)

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, SLAUGHTER, LLC., MAVERICK FILMS, LLC., ANGEL BABY ENTERTAINMENT, MARK MORGAN, CHERI WOZNIAK (collectively "Defendants"), hereby remove the above-captioned action pursuant to 28 U.S.C. § 1441 from the Superior Court of the State of California for the County of Los Angeles to this Court, and respectfully state the following:

1. On January 31, 2008, Plaintiff, Joan Osorio, individually and on behalf of all others similarly situated, filed this action in the Superior Court of the State of California for the County of Los Angeles against Defendants entitled *Juan Osorio, individually and on behalf of all others similarly situated v. Slaughter LLC, Maverick Films. LLC, Angel Baby Entertainment, Mark Morgan, Cheri Wozniak and Doe One through and including Doe One Hundred*, Case No.: BC384733. A true and accurate copy of the Summons and Complaint is attached hereto as Exhibit "A."

2. Defendants first received a copy of the Summons and Complaint on February 14, 2008. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because thirty (30) days have not elapsed since receipt of a copy of the Summons and Complaint by Defendants. By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other defenses.

3. According to the Summons and Complaint, Plaintiff alleges, *inter alia*, that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. by: (a) failing to pay the minimum wage in violation of 29 U.S.C. § 206; and (b) failing to pay overtime in violation of 29 U.S.C. § 207.

4. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5. No proceedings have been had in this action.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

6. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, pursuant to 28 U.S.C. § 84(c), this action is properly removed to the Central District of California, Western Division.

7. All Defendants consent to this removal.

8. No previous application for the relief sought herein as been made.

9. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all papers, other than the Summons and Complaint filed in this action are attached hereto as Exhibit "B."

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff and a copy will be filed with the Clerk of the Superior of the State of California for the County of Los Angeles.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of the State of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. § 1441.

Dated: March ___, 2008

VENABLE LLP

By: ______________________________
Donald W. Yoo
Attorneys for Defendants
SLAUGHTER, LLC, MAVERICK FILMS, LLC, ANGEL BABY ENTERTAINMENT, MARK MORGAN, and CHERI WOZNIAK

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 3 1 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SLAUGHTER, LLC., MAVERICK FILMS, LLC., ANGEL BABY ENTERTAINMENT, MARK MORGAN, CHERI WOZNIAK and DOE ONE through and including DOE ONE HUNDRED,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JUAN OSORIO, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse,
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC384733

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris, Matthew E. Kavanaugh; Harris & Ruble, 323-931-3777
5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036

DATE: *(Fecha)* JAN 3 1 2008 JOHN A. CLARKE, CLERK Clerk, by *(Secretario)* M. GARCIA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

| SHORT TITLE: Osorio v. Slaughter, LLC., et al. | CASE NUMBER BC384733 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☑ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 4-6 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: Osorio v. Slaughter, LLC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

SHORT TITLE: Osorio v. Slaughter, LLC., et al. | CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: Osorio v. Slaughter, LLC., et al | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 11400 W. Olympic Blvd |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90064 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: January 31, 2008

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-010

CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court

JAN 31 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Alan Harris (SBN 146079); Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
TELEPHONE NO.: (323) 931-3777 FAX NO.: (332) 931-3366
ATTORNEY FOR (Name): Plaintiff: Juan Osorio

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Osorio v. Slaughter, LLC., et al.

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC384733
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Six
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 31, 2008

Alan Harris
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

American LegalNet, Inc. www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Los Angeles Superior Court

JAN 3 1 2008

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 3 1 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777
Fax: 323.931.3366

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JUAN OSORIO, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

SLAUGHTER, LLC., MAVERICK FILMS, LLC., ANGEL BABY ENTERTAINMENT, MARK MORGAN, CHERI WOZNIAK and DOE ONE through and including DOE ONE HUNDRED,

Defendants.

Case No.: BC384733

**COMPLAINT**
[Class Action and Collective Action Complaint]

1. § 203 California Labor Code, Continuing Wages

2. § 226 California Labor Code, Failure to Provide Information on Pay Stubs

3. §§ 510 and 1194 California Labor Code, Failure to Pay Minimum Wage and Overtime Compensation

4. 29 U.S.C. § 206, Failure to Pay Minimum Wage

5. 29 U.S.C. § 207, Failure to Pay Overtime Wage

6. § 17200 et seq. Cal Bus & Prof Code, Restitution, Disgorgement of Profits and Injunctive Relief

**DEMAND FOR TRIAL BY JURY**

COMES NOW Plaintiff, and for his causes of action against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

(1) This is a civil action seeking continuing wages, restitution, injunctive relief, damages and attorneys' fees and costs by reason of Defendants' violations of various sections of the California Labor Code, Fair Labor Standards Act ("FLSA"), and section 17200 *et seq.* of the California Business and Professions Code.

(2) Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this case individually and as a class and collective action on behalf of employee classes consisting of individuals employed by Defendants in California on the production of a motion picture.

(3) Venue as to Defendants is proper in this judicial district, pursuant to California Business & Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5. Defendants maintain offices, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

**PARTIES**

(4) JUAN OSORIO ("Osorio" or "Plaintiff") is an individual, who, during the time periods relevant to this Complaint, was employed within the County of Los Angeles, State of California. OSORIO is a resident of the County of Los Angeles, State of California.

(5) SLAUGHTER, LLC. ("Slaughter LLC") was and is a California Limited Liability Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. Slaughter LLC employed Osorio and members of the putative class ("Members" or "Class Members") on a motion picture production entitled "Slaughter" (the "Production") within the county of Los Angeles, State of California.

(6) MAVERICK FILMS, LLC. ("Maverick") was and is a Delaware Limited Liability Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. On information and belief, Maverick owned a majority interest and started Slaughter LLC, which was formed solely for the purpose of producing the Production. At times relevant hereto, Maverick maintained control over and benefited from the employment of Plaintiff and Class Members on the Production.

(6) ANGEL BABY ENTERTAINMENT ("Angel") was and is a New York Company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. ~~On information and belief, Angel owned an interest~~ and started Slaughter LLC, and provided funding to Slaughter LLC for the Production. At times relevant hereto, Angel maintained control over and benefited from the employment of Plaintiff and Class Members on the Production.

(7) Defendant MARK MORGAN ("Morgan") was an employee and the president of Maverick. Morgan was and is an officer of Slaughter LLC. At times relevant hereto, Morgan maintained control over the employment of Plaintiff and Class Members on the Production. Morgan is a resident of the County of Los Angeles, State of California.

(8) Defendant CHERI WOZNIAK ("Wozniak") was an employee and president of Maverick. Wozniak was and is an officer of Slaughter LLC. At times relevant hereto, Wozniak maintained control over the employment of Plaintiff and Class Members on the Production. Wozniak is a resident of the County of Los Angeles, State of California.

(9) Defendants DOE ONE through and including DOE ONE HUNDRED are sued herein under the provisions of section 474, Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles, State of California.

## GENERAL ALLEGATIONS

(7) Defendant employed OSORIO on the Production as an assistant chief lighting technician, from on or about December 1, 2007 through on or about December 13, 2007. Osorio was to be compensated at a base rate of $18.53 per hour for the first eight hours, a rate of $27.80 per hour for hours worked between eight to twelve hours in a day, and $37.06 per hour for all hours worked in excess of twelve per day. Defendants owed Osorio $1167.39 for his first week's work, and $555.90, for his second week of work.

(8) OSORIO was discharged from the Production on or about December 13, 2007, but was not paid for his work performed. To date, Defendants have not paid Osorio any of his outstanding wages. Though Defendants initially indicated they were going to continue filming on the Production in December 2007, they have not provided Osorio or any other Class Member a return date for additional employment. Filming has not continued on the Production as Defendants initially indicated.

(9) Upon information and belief, all individuals who were employed on the Production as crewmembers were not paid for the work they performed during the same period Osorio was employed.

(10) In or about the second week of January 2008, Morgan called Osorio. Morgan apologized for the delay in payment of Osorio's wages, and promised that the wages would be paid immediately. Osorio was not contacted by Morgan thereafter, and no wages were paid.

(11) At all relevant times mentioned herein, section 201 of the California Labor Code, which deals with the payment of wages for employees discharged from service, provided that payment of wages shall be made immediately after discharge. Section 202 of the California Labor Code provides for payment of quitting employees within 72 hours.

(12) Defendants may contend that section 201.5 of the California Labor Code controls its final payments to employees. Section 201.5 of the California Labor Code provides a discharged employee shall be paid by the next regularly scheduled payday.

(13) Defendants did not compensate OSORIO and Class Members as required by sections 201 and/or 201.5 of the California Labor Code.

(14) At all relevant times mentioned herein, Section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty form the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

(15) If Defendants contend California Labor Code § 201.5 applies and are correct, then sections 204 and 210 of the California Labor Code also apply.

(16) At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 202, 204.1 or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

(17) By failing to pay OSORIO and Class Members all wages when due, the Defendants violated section 204.

(18) At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(19) At all relevant times mentioned herein, § 510 (a) of the California Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one

> and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following
> (1) An alternative workweek schedule adopted pursuant to Section 511.
> (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

(20) In regard to the employment of OSORIO and Class Members, the provisions of subparagraphs (1) and (2) of Section 510 of the Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to Section 511 and Plaintiff's employment to which reference is hereinafter made was not governed by any collective bargaining agreement.

(21) At all relevant times mentioned herein, § 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

(22) The Fair Labor Standards Act provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. §§ 206 and 207(a)(1).

(23) Accordingly, pursuant to 29 U.S.C. § 216, OSORIO and Class Members are entitled to damages according to proof, liquidated damages, attorney's fees, and costs of suit.

(24) At all relevant times mentioned herein, section 558 of the California Labor

Code provided:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(25) Plaintiff and Class Members were not timely paid the minimum wages or overtime to which they were entitled.

(26) At all relevant times mentioned herein, Section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.
> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

(27) Plaintiff and Class Members were tendered paychecks by the Defendants in connection with the Production that did not comply with section 226 of the California

Labor Code.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

(28) The Class represented by Plaintiff consists of all natural persons who were employed by Slaughter LLC.

(29) Plaintiff contends that the failure of Defendants to make payments within the time provided for in California Labor Code § 201 has been and is "willful" within the meaning of such word as used in section 203 of the Labor Code and that, accordingly, each member of the Plaintiff Class is entitled to the "continuing wages" provided for in section 203.

(30) The number of persons within the Class is great, believed to be in excess of 50 persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

(31) Despite the numerosity of the Class Members, membership within the Plaintiff Class is readily ascertainable through an examination of the records which Defendants are required by law to keep and which it has kept. Likewise, the dollar amounts owed to each plaintiff are readily ascertainable by an examination of the same records.

(32) The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

(33) There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each class member: (a) was such class member an employee of Defendants in connection with the Production (b) Was such class member discharged by Defendants? (c) Was such class member paid his or her wages at the time of discharge as provided for in Section 201 of the California Labor Code? (d) Was such class member paid the overtime compensation owed by Defendants? (e) Was such class member paid his or her minimum and/or overtime wages as required by the Fair Labor Standards Act? (f) Have Defendants violated the

mandatory requirements of Section 226 of the California Labor Code?

(34) Plaintiff's claims are typical of the claims of the Class Members, which all arise out of the same general operative facts, i.e., Defendants did not compensate their employees as required by the California Labor Code and Fair Labor Standards Act. Plaintiff has no conflicts of interest with the other Class Members and is able to fairly and adequately represent the interests of such class.

(35) A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the class are numerous, and joinder of all of them is impractical. Second, the disposition of all claims of the Members of the class in a class action rather than in individual actions will benefit both the parties and the court. In that regard, the claims of each individual member of the class are too small to litigate individually and the commencement of fifty or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code § 98.2, if the individual Class Members were to succeed in obtaining awards in their favor, such awards my be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court. Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual Class Members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual Members of the class.

(36) The interest of each class member in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

(37) In this collective action, Plaintiff seeks to represent all natural persons who were employed by the Defendants on the Production and who were not paid in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, within the relevant time period ("Collective Action").

(38) Plaintiff is similarly situated with the Members of the Collective Action in that:

(a) Plaintiff and the Members of the Collective Action were employed by the Defendants;

(b) Plaintiff and the Members of the Collective Action were not timely compensated for their hours under the FLSA;

(c) Defendants knowingly and willfully violated provisions of the FLSA, by not paying Plaintiff and the Members of the Collective Action their correct amount of wages when due;

(d) As a result of the Defendants' policy and practice of withholding compensation for all hours worked, including minimum wages and overtime compensation, Plaintiff and the Members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date;

(39) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid wages, liquidated damages, costs and attorneys' fees under the FLSA.

(40) All Members of the Collective Action during the relevant time period should be given notice and be allowed to give their consent in writing, i.e. "opt in," the collective action pursuant to 29 U.S.C. § 216 (b).

## FIRST CAUSE OF ACTION
(Continuing Wages, §§ 203 et seq., California Labor Code)
(Against Defendant Slaughter LLC only)

(41) Plaintiff repleads, realleges and incorporates by reference each and every

allegation set forth in the preceding paragraphs of this Complaint.

(42) Defendant employed OSORIO and Class Members on the Production from on or about December 1, 2007, through on or about December 13, 2007. On or about December 13, 2007, Plaintiff and Class Members were discharged from the Production, and were not provided any return date. Defendants did not pay Plaintiff earned wages as required by sections 201 and/or 201.5 of the California Labor Code. The Class Members were discharged in the same manner and were not paid their earned wages as required by sections 201 and/or 201.5 of the California Labor Code.

(43) Defendants' failure to compensate Plaintiff and the Class Members within the time provided for in sections 201 and/or 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was "willful" as the word is used in § 203.

(44) Plaintiff and each Member of the Putative Class are, accordingly, entitled to continuing wages from Slaughter LLC in an amount to be determined by proof.

**SECOND CAUSE OF ACTION**
(Failure to Provide Information on Pay Stubs, § 226 California Labor Code)
(Against Defendant Slaughter LLC only)

(45) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(46) Slaughter LLC failed to provide Plaintiff and the other Class Members with pay stubs conforming to the requirements of section 226 of the Labor Code. Accordingly, Plaintiff and the other Class Members are each entitled to damages according to proof, plus costs and reasonable attorney's fees in accordance with the provisions of California Labor Code § 226 (e).

**THIRD CAUSE OF ACTION**
(§§ 510 and 1194 of the California Labor Code,
Damages for Unpaid Minimum Wages and Overtime Compensation)
(Against Defendant Slaughter LLC only)

(47) Plaintiff repleads, reallages and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(48) During their employment by Defendants on the Production, Plaintiff and the

other Class Members worked many hours without receiving any compensation as required by law. Slaughter LLC has failed to pay Plaintiff and the other Class Members their minimum wages and overtime wages as required by sections 510 and 1194 of the Labor Code.

(49) Plaintiff and the other Class Members are entitled to recover their unpaid minimum wages and overtime wages in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code and their costs and attorney's fees as provided for in section 1194 of the California Labor Code.

**FOURTH CAUSE OF ACTION**
(Violation of Fair Labor Standards Act, 29 U.S.C. § 206, Failure to Pay Minimum Wage)
(Against all Defendants)

(50) Plaintiff repleads, reallege and incorporate by reference each and every allegation set forth in the Complaint.

(51) Defendants, by not paying Plaintiff and the Members of the Collective Action the wages due and owing to them, have violated the Fair Labor Standards Act by failing to provide at least minimum wages as required by 29 U.S.C. § 206.

(52) Plaintiff and the Members of the Collective Action are therefore entitled to be paid their minimum wages, liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

**FIFTH CAUSE OF ACTION**
(Violation of Fair Labor Standards Act, 29 U.S.C. § 207, Failure to Pay Overtime)
(Against all Defendants)

(53) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in preceding paragraphs of this Complaint.

(54) Defendants, by not timely paying Plaintiff and the Members of the Collective Action the overtime wages due and owing to them, have violated the Fair Labor Standards Act by failing to timely provide the overtime wages to Plaintiff and Members of the class as required by 29 U.S.C. § 207.

(55) Plaintiff and the Members of the Collective Action are therefore entitled to be

paid their overtime wages, liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

**SIXTH CAUSE OF ACTION**

(Restitution, Disgorgement of Profits and Injunctive Relief, §17200 et seq. California Business & Professions Code)
(Against Defendant Slaughter LLC only)

(56) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this First Amended Complaint.

(57) Plaintiff is suing in both his individual capacity and on behalf of the general public.

(58) Beginning on a date unbeknownst to Plaintiff, Slaughter LLC committed acts of unfair competition as defined in Business and Professions Code § 17200, by engaging in the following acts and practices: (1) failing to pay its employees all earned and unpaid wages at the time of layoff and/or discharge; (2) failing to timely pay its employees their minimum wages and overtime wages; and (3) failing to provide its employees with a detailed itemized pay stub.

(59) The acts and practices as described in the paragraph above violate Business & Professions Code § 17200 in the following respects:

a. Defendant's policy and practice of failing to pay its discharged employees all earned and unpaid wages immediately upon discharge in accordance with § 201 of the California Labor Code and, consequently, constitute an unlawful business act or practice with the meaning of Business and Professions Code § 17200.

b. Defendant's policy and practice of failing to pay employees overtime wages violate §§ 510 and 1194 of the California Labor Code and Wage Order 12, and, consequently, constitute an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

c. Defendant's policy and practice of failing to provide its employees with a detailed itemized pay stub violate § 226 of the California Labor Code and, consequently, constitute an unlawful business practice within the meaning of Business

and Professions Code §17200.

(60) Under § 17200 et seq. of the Business and Professions Code, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Defendant through its unlawful and unfair business practices alleged herein.

**WHEREFORE,** Plaintiffs prays judgment as follows:

(1) That this Court certify the proposed Plaintiff Class.

~~(2) That this Court certify the proposed Collective Action.~~

(3) That, under the First Cause of Action, it be adjudged that the failure of Slaughter LLC to make timely payments of Plaintiff's wages was in violation of the law wages within the time prescribed in sections 201 and/or 201.5 of the Labor Code, and was "willful" as that word is used in § 203 of the Labor Code, and that the Court enter judgment in favor of Plaintiff and Class Members in an amount equal to not more than 30 times their average daily wage, as prescribed by § 203 of the Labor Code.

(4) That, under the Second Cause of Action, the Court enter judgment in favor of Plaintiff and the Class Members in an amount to be established by proof, costs, and attorneys fees, in accordance with Section 226(e) of the Labor Code.

(5) That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members their unpaid overtime wages and or minimum wages, liquidated damages, interest thereon, reasonable attorneys' fees and cost of suit.

(6) That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff and the Members of the Collective Action in an amount equal to their minimum wages, liquidated damages, costs, and attorneys' fees, in accordance with 29 U.S.C. § 216 (b).

(8) That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and the Members of the Collective Action in an amount equal to their overtime wages, liquidated damages, costs, and attorneys' fees, in accordance with 29 U.S.C. §

216 (b).

(9) Pursuant to Business and Professions Code § 17203, and pursuant to the equitable powers of this Court, Plaintiff prays that the Slaughter LLC be preliminarily and permanently enjoined from (1) failing to pay its employees all earned and unpaid wages at the time of their discharge; (2) failing to pay its employees overtime wages; and (3) failing to provide its employees with itemized pay stubs. Furthermore, pursuant to Business and Professions Code § 17203, and pursuant to the equitable powers of this Court, Plaintiff prays that Slaughter LLC be ordered to restore to the general public all funds acquired by means of any act or practice declared by this Court to be unlawful or to constitute unfair competition under Business and Professions Code § 17200 et seq.

(10) For such other and further relief as this Court may deem fit and proper.

Plaintiff demands trial by jury as to all causes of action.

DATED: January 31, 2008

HARRIS & RUBLE

By: [signature]
Alan Harris
*Attorney for Plaintiff*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number BC384733

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 | |
| | Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 | |
| | Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 | |
| | Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 | |
| | Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 | |
| | Hon. James C. Chalfant | 13 | 630 | Hon. David L. Minning | 61 | 632 | |
| X | Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 | |
| | Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 | |
| | Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 | |
| | Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 | |
| | Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| | Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| | Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 | |
| | Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 | |
| | | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____________ JOHN A. CLARKE, Executive Officer/Clerk

By ______________________, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court , rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.




*from the*
LOS ANGELES SUPERIOR COURT
**ADR DEPARTMENT**

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

***Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.***

- **ENE can reduce litigation time and costs and promote settlement.**
- ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.
- **ENE is voluntary and confidential.**
- The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.
- **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

## PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

  Department 15
  Department 16
  Department 28
  Department 30
  Department 31
  Department 32
  Department 38
  Department 42
  Department 47
  Department 50
  Department 52
  Department 55
  Department 56
  Department 68
  Department 71
  Department 89

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION** A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION** A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE** A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE** A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE** Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE** Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL** The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL** The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE** The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL** The market rate for private neutrals can range from $200-$1,000 per hour

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

**THIS IS A TWO-SIDED DOCUMENT.**

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

**A Mediator helps parties.**

- Have productive discussions
- Avoid or break impasses
- Defuse controversy
- Generate options that have potential for mutual gain
- Better understand each other's concerns and goals
- Focus on their interests rather than their positions

A Mediator does not...

- Provide advice or opinions
- Offer legal information
- Make decisions for parties
- Represent or advocate for either side
- Judge or evaluate anyone or anything
- Conduct research
- "Take Sides"

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|
| ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | | CASE NUMBER: |

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: ____________________

Dated: ____________

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

| Short Title | Case Number |
|---|---|
| | |

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

# EXHIBIT B

Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777
Fax: 323.931.3366

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JUAN OSORIO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>SLAUGHTER, LLC., MAVERICK FILMS, LLC., ANGEL BABY ENTERTAINMENT, MARK MORGAN, CHERI WOZNIAK and DOE ONE through and including DOE ONE HUNDRED,<br><br>Defendants. | Case No.: BC 384733<br><br>NOTICE OF CASE MANAGEMENT CONFERENCE<br><br>Case Assigned to: the Honorable Edward A. Ferns<br><br>Date: July 9, 2008<br>Time: 8:30 a.m.<br>Place: 111 N. Hill Street<br>Department 69<br>Los Angeles, CA 90012 |

PLEASE TAKE NOTICE THAT the Court has set a Case Management Conference for July 9, 2008, at 8:30am in Department 69 of the Stanley Mosk Courthouse, which is located at 111 N. Hill Street, Los Angeles, California (attached).

DATED: February 26, 2008

HARRIS & RUBLE

By: [signature]
Alan Harris
*Attorney for Plaintiff*

NOTICE SENT TO:

Harris, Alan, Esq.
Law Offices of Harris & Ruble
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036

ORIGINAL FILED
FILE STAMP
FEB 21 2008
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | CASE NUMBER |
|---|---|
| JUAN OSORIO, Plaintiff(s), vs. SLAUGHTER LLC ET AL, Defendant(s). | BC384733 |
| | NOTICE OF CASE MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 9, 2008 at 8:30 am in Dept. 69 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 21, 2008

EDWARD A. FERNS
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: February 21, 2008

John A. Clarke, Executive Officer/Clerk

by A. AYALA, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**PROOF OF SERVICE**

I am an attorney for Plaintiff(s) herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Blvd., Suite 1800, Los Angeles, California 90036. On February 26, 2008, I served the within document: NOTICE OF CASE MANAGEMENT CONFERENCE.

I caused such document to be delivered by hand in person to:

N/A.

I caused such document to be delivered by e-mail or facsimile:

N/A.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

Slaughter, LLC
c/o Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Maverick Films, LLC
c/o Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Cheri Wozniak
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Angel Baby Entertainment
375 S. End Street, Ste. #11M
New York, NY 10280

I declare under penalty of perjury that the above is true and correct. Executed on February 26, 2008, at Los Angeles, California.

Alan Harris

Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777
Fax: 323.931.3366

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JUAN OSORIO, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

SLAUGHTER, LLC., MAVERICK FILMS, LLC., ANGEL BABY ENTERTAINMENT, MARK MORGAN, CHERI WOZNIAK and DOE ONE through and including DOE ONE HUNDRED,

Defendants.

Case No.: BC 384733

NOTICE OF ORDER DEEMING CASE NON-COMPLEX AND REASSIGNING CASE

Case Assigned to: the Honorable Edward A. Ferns

TO ALL PARTIES AND TO ALL PARTIES ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court has issued the attached Notice of Entry of Order deeming the case non-complex and reassigning the above-captioned matter to the Honorable Edward A. Ferns in Department 69 of the Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012.

DATED: February 26, 2008

HARRIS & RUBLE

By: Alan Harris
Alan Harris
*Attorney for Plaintiff*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/08 | DEPT. 324

HONORABLE VICTORIA CHANEY JUDGE | L. HIRONAKA DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

Deputy Sheriff | NONE Reporter

8:30 am BC384733

JUAN OSORIO
VS
SLAUGHTER LLC ET AL

NON-COMPLEX (02-08-08)

Plaintiff Counsel
Defendant Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Edward A. Ferns in Department 69 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 69 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER



MINUTES ENTERED
02/08/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/08 | DEPT. 324

HONORABLE VICTORIA CHANEY JUDGE | L. HIRONAKA DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

Deputy Sheriff | NONE Reporter

8:30 am BC384733

JUAN OSORIO
VS
SLAUGHTER LLC ET AL

Plaintiff Counsel
NO APPEARANCES
Defendant Counsel

NON-COMPLEX (02-08-08)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 02-14-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 02-14-08

John A. Clarke, Executive Officer/Clerk

By: KIN HILAIRE
KIN HILAIRE

HARRIS & RUBLE
Alan Harris, Esq.
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036



MINUTES ENTERED
02/08/08
COUNTY CLERK

**PROOF OF SERVICE**

I am an attorney for Plaintiff(s) herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Blvd., Suite 1800, Los Angeles, California 90036. On February 26, 2008, I served the within document: NOTICE OF ORDER DEEMING CASE NON-COMPLEX AND REASSIGNING CASE.

I caused such document to be delivered by hand in person to:

N/A.

I caused such document to be delivered by e-mail or facsimile:

N/A.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

Slaughter, LLC
c/o Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Maverick Films, LLC
c/o Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Mark Morgan
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Cheri Wozniak
11400 Olympic Blvd., 14th FL
Los Angeles, CA 90064

Angel Baby Entertainment
375 S. End Street, Ste. #11M
New York, NY 10280

I declare under penalty of perjury that the above is true and correct. Executed on February 26, 2008, at Los Angeles, California.

Alan Harris

Alan Harris

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On March 10, 2008, I served the foregoing document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF ACTION** on the interested parties in this action addressed as follows:

Alan Harris, Esq.
Matthew E. Kavanaugh, Esq.
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

***Attorneys for Plaintiff***

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒ **BY PERSONAL SERVICE (CCP §1011)**: I caused tp be delivered such envelope(s) by hand to the addressee(s) as stated above.

☐ **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on March 10, 2008 at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Barbara Washington

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900